IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON AND SOUTHWEST WASHINGTON IBEW-NECA ELECTRICAL WORKERS DELINQUENCY COMMITTEE, comprised of BARRY MITCHELL, TIMOTHY G. GAUTHIER, MICHAEL KOLER, and GARY PRICE, acting on behalf of HARRISON ELECTRICAL WORKERS TRUST FUND; EDISON PENSION TRUST; NATIONAL ELECTRICAL BENEFIT FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT NO. 9 PENSION PLAN; BARNES LABOR-MANAGEMENT COOPERATION COMMITTEE and on behalf of the Trustees of said Trust Fund, and on behalf of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 48,<br><br>      Plaintiffs,<br><br>v.<br><br>SOLEDAD ELECTRIC, INC. dba AMPERE ELECTRIC,<br><br>      Defendant. | CV 04-1629-BR<br><br>ORDER |

BROWN, Judge.

    This matter comes before the Court on Plaintiffs' Statement

for Attorney Fees for Plaintiffs (#16).[1]

Plaintiffs seek attorneys' fees in the amount of $8,071.00 and costs in the amount of $297.44 from Defendant Soledad Electric, Inc. Defendant did not file an Answer to Plaintiffs' Complaint or otherwise appear in this action. Accordingly, on May 9, 2005, the Court entered a General Judgment by Default against Defendant in the amount of $8,291.86 for liquidated damages and interest arising from Defendant's failure timely to pay employee benefit contributions and wage withholdings for the period June 4, 2004, through January 31, 2005, and $33,272.53 representing the balance due on a promissory note. The promissory note was the result of a Settlement Agreement between Plaintiffs and Defendant for the payment of past-due employee benefit contributions and wage withholdings.

Defendant did not file a response to Plaintiffs' Attorney Fee Statement.

In support of their request for attorneys' fees, Plaintiffs filed an Affidavit [of Linda Larkin] in Support of Statement for Attorney Fees. In the Affidavit, Linda Larkin asserts Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the Collective Bargaining Agreement (CBA) between Defendant and the International Brotherhood of Electrical Workers, Local 48.

---

[1] The Court construes Plaintiffs' Statement as a Motion for Attorneys' Fees pursuant to Fed. R. Civ. P. 54(d)(2) and LR 54.4.

2 - ORDER

The CBA provides in pertinent part:

> If employer pays the contributions or withholdings or both upon which the liquidated damages and other charges are owed, but the latter damages are not paid, legal action may be brought on behalf of the funds and other proper recipients to collect the liquidated damages, lost earnings, other costs, fees or expenses incurred, and attorney fees, both at trial and on appeal.

After independently reviewing Plaintiffs' attorney fee statement and supporting Affidavit and in light of Defendant's failure to oppose Plaintiffs' Motion, the Court, in the exercise of its discretion, awards attorneys' fees to Plaintiffs in the amount of **$8,071.00** and costs in the amount of **$297.44.**

IT IS SO ORDERED.

DATED this 3rd day of June, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

3 - ORDER